818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Ray SHERROD, Plaintiff--Appellant,
v.
CLARK EQUIPMENT COMPANY, a Delaware Corporation, Defendant--Appellee.
 No. 87-3508.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 12, 1987.
Decided April 27, 1987.
 
 Hugh Dalton Cox, for appellant.
 Clay Allen Collier, Henry London Anderson, Jr., Anderson, Broadfoot, Johnson & Pittman, for appellee.
 Before RUSSELL, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Sherrod appeals the district court's order granting Clark Equipment Company's motion for summary judgment. The district court's order was entered on December 19, 1986. Sherrod noted his appeal on January 21. Clark Equipment has moved to dismiss the appeal as untimely. Sherrod, relying on Rules 2, 4(a)(1), and 26(c), Fed. R. App. P., asserts that his appeal was timely filed.
 
 
 2
 In civil actions in which the United States is not a party appellants have thirty days after the entry of judgment to file their notice of appeal. Rule 4(a)(1), Fed. R. App. P. A judgment shall be considered entered when a document ending the litigation which is separate from the order of the court has been entered on the district court's docket sheet. Judgment was entered in this case on December 19. Thus the deadline for the notice of appeal was January 20.*
 
 
 3
 Sherrod asserts that Rule 2, Fed. R. App. P., provides support for his contention that his notice of appeal was timely filed. Rule 2 gives appellate courts the authority to suspend the provisions of the appellate rules except as otherwise provided in Rule 26(b). As Rule 26(b) specifically states that the time for filing a notice of appeal shall not be extended, Rule 2 is of no assistance to Sherrod.
 
 
 4
 Sherrod's reliance on Rule 26(c) is also misplaced. Rule 26(c) provides that three additional days shall be given to a party where "a party is required or permitted to do an act within a prescribed period after service of a paper." The time for filing a notice of appeal begins to run at the time of entry of the judgment on the district court's docket sheet, not upon service; thus Rule 26(c) does not apply. Reynolds v. Hunt Oil Co., 643 F.2d 1043 (5th Cir. 1981). Therefore, Sherrod's notice of appeal which was filed on January 21 was untimely.
 
 
 5
 Accordingly, we grant the appellee's motion to dismiss the appeal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 DISMISSED.
 
 
 
 *
 Rule 26(a), Fed. R. App. P., provides that the day on which the order was entered shall not be included in the thirty day period. If the thirty day period ends on a Saturday, Sunday or legal holiday the period shall be extended to the first day which is not a Saturday, Sunday or legal holiday. Sherrod's time for filing ended on January 18 which is a Sunday and January 19 is a legal holiday; therefore, January 20 was the deadline for his notice of appeal